UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust | CIVIL ACTION NO: |
| Plaintiff | |
| vs. | COMPLAINT |
| Brian K. Segal and Patrick O'Donaghue | |
| Defendants | RE:<br>44 Wardtown Road, Freeport, ME 04032 |
| Patrick O'Donaghue | |
| Party-in-Interest | Mortgage:<br>November 22, 2006<br>Book 24601, Page 3 |

NOW COMES the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Brian K. Segal and Patrick O'Donaghue, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, in which the Defendants, Brian K. Segal and Patrick O'Donaghue, are the obligor and the total amount owed under the terms of the Note is One Hundred Twenty Five Thousand Eight Hundred Ninety Four Dollars and Forty Nine Cents (125,894.49), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 1114 Avenue of the Americas, Suite 2700, New York, New York 10036.

5. The Defendant, Brian K. Segal, is a resident of Portland, County of Cumberland and State of Maine.

6. The Defendant and Party-in-Interest, Patrick O`Donaghue, is a resident of Falmouth, County of Cumberland and State of Maine.

FACTS

7. On November 22, 2006, by virtue of a Warranty Deed from Ernestine Hanaman, c/o Katherine Croteau, POA, which is recorded in the Cumberland County Registry of Deeds in **Book 24601, Page 1**, the property situated at 44 Wardtown Road, County of Cumberland, and State of Maine, was conveyed to the Defendants, Brian K. Segal and Patrick O`Donaghue, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On November 22, 2006, the Defendant, Brian K. Segal, executed and delivered to American Residential Mortgage a certain Note in the amount of $80,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on November 22, 2006, the Defendants, Brian K. Segal and Patrick O'Donaghue, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for American Residential Mortgage, securing the property located at 44 Wardtown Road, Freeport, ME 04032 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds **in Book 24601**, **Page 3**. See Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Bank of America, N.A., successor-by-merger to BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP by virtue of an Assignment of Mortgage dated June 25, 2012 and recorded in the Cumberland County Registry of Deeds in **Book 29739, Page 192**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then further assigned to Ventures Trust 2013-I-H-R by MCM Capital Partners LLC, its Trustee by virtue of an Assignment of Mortgage dated December 4, 2014 and recorded in the Cumberland County Registry of Deeds in **Book 32071, Page 167**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The transfer of all the rights contained in the Mortgage to Ventures Trust 2013-I-H-R by MCM Capital Partners LLC, its Trustee is further ratified and confirmed by virtue of an Amended Court Order issued from the Cumberland County Superior Court Docket No.: RE-16-136, entered on November 8, 2017 and recorded in the Cumberland County Registry of Deeds in **Book 34509, Page 2.** *See* Exhibit F (a true and correct copy of the Amended Court Order is attached hereto and incorporated herein).

13. The Mortgage was then further assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Ventures Trust 2013-I-H-R by virtue of an Assignment of Mortgage dated September 28, 2017 and recorded in the Cumberland County Registry of Deeds in **Book 32245, Page 105**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then further assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust by virtue of an Assignment of Mortgage dated September 28, 2017 and recorded in the Cumberland County Registry of Deeds in **Book 34425, Page 103**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On December 20, 2017, the Defendants, Brian K. Segal and Patrick O`Donaghue, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendants, Brian K. Segal and Patrick O`Donaghue, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

17. The Defendants, Brian K. Segal and Patrick O`Donaghue, have failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, is the lawful holder and owner of the Note and Mortgage.

20. Patrick O`Donaghue is a Party-in-Interest pursuant to a Judgment in the amount of $25,379.03 dated November 28, 2012, and recorded in the Cumberland County Registry of Deeds in **Book 30419, Page 324** and is in second position behind Plaintiff's mortgage.

21. The total debt owed under the Note and Mortgage as of April 30, 2018 is One Hundred Twenty Five Thousand Eight Hundred Ninety Four Dollars and Forty Nine Cents ($125,894.49), which includes Principal Balance in the amount of Seventy Four Thousand Seven Hundred Ten Dollars and Sixty Seven Cents ($74,710.67); Accrued Interest in the amount of Thirty Thousand Six Hundred Seventy Two Dollars and Thirty Nine Cents ($30,672.39); Escrow Advance in the amount of Fifteen Thousand Eight Hundred Forty Three Dollars and Forty Four Cents ($15,843.44); and Recoverable Balance in the amount of Four Thousand Six Hundred Sixty Seven Dollars and Ninety Nine Cents ($4,667.99).

22. Upon information and belief, the Defendants, Brian K. Segal and Patrick O`Donaghue, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

23. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure respecting a real estate related Mortgage and title located at 44 Wardtown Road, Freeport, County of Cumberland, and State of Maine. *See* Exhibit A.

25. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, has the right to foreclosure upon the subject property.

26. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendants, Brian K. Segal and Patrick O`Donaghue, are presently in default on said Mortgage and Note, having failed to make the monthly payment due May 1, 2012, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

28. The total debt owed under the Note and Mortgage of April 30, 2018 is One Hundred Twenty Five Thousand Eight Hundred Ninety Four Dollars and Forty Nine Cents ($125,894.49), which includes Principal Balance in the amount of Seventy Four Thousand Seven Hundred Ten Dollars and Sixty Seven Cents ($74,710.67); Accrued Interest in the amount of Thirty Thousand Six Hundred Seventy Two Dollars and Thirty Nine Cents ($30,672.39); Escrow Advance in the amount of Fifteen Thousand Eight Hundred Forty Three Dollars and Forty Four Cents ($15,843.44); and Recoverable Balance in the amount of Four Thousand Six Hundred Sixty Seven Dollars and Ninety Nine Cents ($4,667.99).

29. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

31. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Brian K. Segal and Patrick O`Donaghue, on December 20, 2017, evidenced by the Certificate of Mailing. *See* Exhibit I.

32. The Defendants, Brian K. Segal and Patrick O`Donaghue, are not in the Military as evidenced by the attached Exhibit J.

## COUNT II – BREACH OF NOTE

33. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. On November 22, 2006, the Defendants, Brian K. Segal and Patrick O`Donaghue, executed and delivered to American Residential Mortgage a certain Note in the amount of $80,000.00. *See* Exhibit B.

35. The Defendants, Brian K. Segal and Patrick O`Donaghue, are in default for failure to properly tender the May 1, 2012 payment and all subsequent payments. *See* Exhibit I.

36. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Brian K. Segal and Patrick O`Donaghue.

37. The Defendants, Brian K. Segal and Patrick O`Donaghue, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

38. The Defendants, Brian K. Segal and Patrick O`Donaghue's breach is knowing, willful, and continuing.

39. The Defendants, Brian K. Segal and Patrick O`Donaghue's breach has caused Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

40. The total debt owed under the Note and Mortgage of April 30, 2018 is One Hundred Twenty Five Thousand Eight Hundred Ninety Four Dollars and Forty Nine Cents ($125,894.49), which includes Principal Balance in the amount of Seventy Four Thousand Seven Hundred Ten Dollars and Sixty Seven Cents ($74,710.67); Accrued Interest in the amount of Thirty Thousand Six Hundred Seventy Two Dollars and Thirty Nine Cents ($30,672.39); Escrow Advance in the amount of Fifteen Thousand Eight Hundred Forty Three Dollars and Forty Four Cents ($15,843.44); and Recoverable Balance in the amount of Four Thousand Six Hundred Sixty Seven Dollars and Ninety Nine Cents ($4,667.99.

41. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

42. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. By executing, under seal, and delivering the Note, the Defendants, Brian K. Segal and Patrick O`Donaghue, entered into a written contract with American Residential Mortgage who agreed to loan the amount of $80,000.00 to the Defendants. *See* Exhibit B.

44. As part of this contract and transaction, the Defendants, Brian K. Segal and Patrick O`Donaghue, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

45. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, is the proper holder of the Note and successor-in-interest to American Residential Mortgage, and has performed its obligations under the Note and Mortgage.

46. The Defendants, Brian K. Segal and Patrick O`Donaghue, breached the terms of the Note and Mortgage by failing to properly tender the May 1, 2012 payment and all subsequent payments. *See* Exhibit I.

47. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Brian K. Segal and Patrick O`Donaghue.

48. The Defendants, Brian K. Segal and Patrick O`Donaghue, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

49. The Defendants, Brian K. Segal and Patrick O`Donaghue, are indebted to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust in the sum of One Hundred Twenty Five Thousand Eight Hundred Ninety Four Dollars and Forty Nine Cents ($125,894.49), for money lent by the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, to the Defendants.

50. Defendants Brian K. Segal and Patrick O`Donaghue's breach is knowing, willful, and continuing.

51. Defendants Brian K. Segal and Patrick O`Donaghue's breach has caused Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

52. The total debt owed under the Note and Mortgage of April 30, 2018 is One Hundred Twenty Five Thousand Eight Hundred Ninety Four Dollars and Forty Nine Cents ($125,894.49), which includes Principal Balance in the amount of Seventy Four Thousand Seven Hundred Ten Dollars and Sixty Seven Cents ($74,710.67); Accrued Interest in the amount of Thirty Thousand Six Hundred Seventy Two Dollars and Thirty Nine Cents ($30,672.39); Escrow Advance in the amount of Fifteen Thousand Eight Hundred Forty Three Dollars and Forty Four Cents ($15,843.44); and Recoverable Balance in the amount of Four Thousand Six Hundred Sixty Seven Dollars and Ninety Nine Cents ($4,667.99).

53. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

54. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. American Residential Mortgage, predecessor-in-interest to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, loaned Defendants, Brian K. Segal and Patrick O`Donaghue, $80,000.00. *See* Exhibit B.

56. The Defendants, Brian K. Segal and Patrick O`Donaghue, are in default for failure to properly tender the May 1, 2012 payment and all subsequent payments. *See* Exhibit I.

57. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendants, Brian K. Segal and Patrick O`Donaghue, should be required to compensate the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust.

58. As such, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, is entitled to relief under the doctrine of *quantum meruit.*

## COUNT V – UNJUST ENRICHMENT

59. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. American Residential Mortgage, predecessor-in-interest to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, loaned the Defendants, Brian K. Segal and Patrick O`Donaghue, $80,000.00. *See* Exhibit B.

61. The Defendants, Brian K. Segal and Patrick O`Donaghue, have failed to repay the loan obligation.

62. As a result, the Defendants, Brian K. Segal and Patrick O`Donaghue, have been unjustly enriched to the detriment of the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust as successor-in-interest to American Residential Mortgage by having received the aforesaid benefits and money and not repaying said benefits and money.

63. As such, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, upon the expiration of the period of redemption;

c) Find that the Defendants, Brian K. Segal and Patrick O`Donaghue, are in breach of the Note by failing to make payment due as of May 1, 2012, and all subsequent payments;

d) Find that the Defendants, Brian K. Segal and Patrick O`Donaghue, are in breach of the Mortgage by failing to make payment due as of May 1, 2012, and all subsequent payments;

e) Find that the Defendants, Brian K. Segal and Patrick O`Donaghue, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Brian K. Segal and Patrick O`Donaghue, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due May 1, 2012 and all subsequent payments;

g) Find that the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Brian K. Segal and Patrick O`Donaghue, have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, to restitution;

j) Find that the Defendants, Brian K. Segal and Patrick O`Donaghue, are liable to the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, for money had and received;

k) Find that the Defendants, Brian K. Segal and Patrick O`Donaghue, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Brian K. Segal and Patrick O`Donaghue, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Brian K. Segal and Patrick O`Donaghue, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, is entitled to restitution for this benefit from the Defendants, Brian K. Segal and Patrick O`Donaghue;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Brian K. Segal and Patrick O`Donaghue, and in favor of the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Hilldale Trust, in the amount of One Hundred Twenty Five Thousand Eight Hundred Ninety Four Dollars and Forty Nine Cents ($125,894.49), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

>Respectfully Submitted,
>Wilmington Savings Fund Society, FSB, d/b/a
>Christiana Trust, Not Individually but as
>Trustee for Hilldale Trust,
>By its attorneys,

Dated: May 7, 2018

>/s/ John A. Doonan
>John Doonan, Esq. (BBO# 3250)
>Doonan, Graves & Longoria, LLC
>100 Cummings Center, Suite 225D
>Beverly, MA 01915
>(978) 921-2670