# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY FSB, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 2:18-cv-00180-JDL |
| BRIAN K. SEGAL, et al., | ) ) ) |
| Defendants. | ) |

## ORDER ON DEFENDANT'S MOTION
## FOR RELIEF FROM JUDGMENT

On July 26, 2019, this Court entered a Judgment of Foreclosure and Sale against Defendant Patrick O'Donoghue (ECF No. 52). O'Donoghue, representing himself, moves to set aside the judgment (ECF No. 53).[1] For the following reasons, I deny the motion.

## I. BACKGROUND

The Plaintiff, Wilmington Savings Fund Society FSB, filed its complaint against O'Donoghue and his co-defendant, Brian K. Segal, on May 7, 2018. O'Donoghue received the complaint as early as August 2018, and he was personally served with the complaint, summons, cover sheet, and exhibits at the subject property on October 3, 2018. O'Donoghue did not answer the complaint, and an entry of default was entered against him on November 13, 2018. Wilmington Savings subsequently filed a motion for default judgment against O'Donoghue, and a hearing was held on

---

[1] Though O'Donoghue's motion was postmarked July 25, 2019, one day before the judgment was entered, it was not received until July 30, 2019, four days after the judgment was entered.

March 20, 2019 to ascertain the damages. O'Donoghue appeared at and participated in the hearing but did not object to any testimony or exhibits offered by Wilmington Savings. After the hearing, Wilmington Savings filed a proposed written judgment. O'Donoghue filed a response seeking dismissal of the action on several grounds, including that Wilmington Savings had misspelled his name. Wilmington Savings then filed an amended complaint and proposed judgment reflecting the correct spelling of O'Donoghue's name. On July 26, 2019, the Court entered a final Judgment of Foreclosure and Sale. On July 30, 2019, the Court received a letter from O'Donoghue challenging the judgment and seeking "a ruling on whether the property is an Owner Occupied Property." ECF No. 53.

## II. LEGAL ANALYSIS

"[T]he court can set aside a final judgment by default only 'in accordance with Rule 60(b).'" *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 164 (1st Cir. 2004) (citing Fed. R. Civ. P. 60(b) and Fed. R. Civ. P. 55(c)). Rule 60(b) permits relief from a judgment only for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[R]elief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly." *Giroux v. Fed. Nat'l Mortg.*

*Ass'n*, 810 F.3d 103, 106 (1st Cir. 2016) (alterations in original) (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)). Here, O'Donoghue suggests that he is entitled to relief under Rule 60(b) for two reasons. First, he asserts that service of process was insufficient. Second, he contends that Wilmington Savings did not provide "proof of completed mediation (or waiver or default of mediation)," which he asserts is necessary to support a judgment of foreclosure. *See Bank of Am., N.A. v. Greenleaf*, 96 A.3d 700, 708 (Me. 2014). I address each argument in turn.

A.  **Insufficient Service**

Insufficient service can render a default judgment void under Rule 60(b)(4) for lack of personal jurisdiction. *See generally Vázquez−Robles v. CommoLoCo, Inc.*, 757 F.3d 1 (1st Cir. 2014). O'Donoghue suggests that the judgment here is void because Wilmington Savings did not serve him with the complaint until the March 20, 2019 damages hearing. However, O'Donoghue stated at the damages hearing that he received the complaint in August 2018, and the docket reflects that he was personally served on October 3, 2018. At the damages hearing, based upon this evidence, I rejected O'Donoghue's argument that he was not timely served. Because O'Donoghue simply reasserts the same argument without presenting further factual or legal support, I decline to revisit the issue.

O'Donoghue further contends that service was insufficient because Wilmington Savings failed to attach a form notice to the front of the complaint as required by 14 M.R.S.A. § 6321-A(2) (West 2019), the Maine statute governing foreclosure of owner-occupied residential properties. The form notice (1) informs the defendant that failure to answer the complaint will result in foreclosure, (2) explains to the defendant

3

that he may answer the complaint and get the case scheduled for mediation by filling out the form and returning it to the court in the envelope provided, and (3) describes the Maine foreclosure mediation program. *Id.*

Whether plaintiffs seeking foreclosure in federal court are required to attach this form notice to the complaint in accordance with 14 M.R.S.A. § 6321-A(2) is an open question: Diversity actions in federal court are governed by state substantive law and federal procedural law, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), and no court has opined on whether the form notice is procedural or substantive. But even assuming the absence of the form notice rendered service insufficient, O'Donoghue is not entitled to relief under Rule 60(b) on this basis. Personal service of the summons and complaint on O'Donoghue established personal jurisdiction over him and gave him actual notice of the action. *See* Fed. R. Civ. P. 4(k)(1); *Elektra Entm't Grp., Inc. v. Carter*, 618 F. Supp. 2d 89, 93 (D. Me. 2009) (citing Fed. R. Civ. P. 4(e)(1) and Me. R. Civ. P. 4(d)(1)). Thus, the judgment is not void under Rule 60(b)(4).

Further, the summons informed O'Donoghue that failing to answer the complaint would result in a default judgment against him. Although a form notice which repeated this information and explained how to answer might have made it easier for O'Donoghue to respond, its absence does not render O'Donoghue's failure to respond to the complaint "excusable neglect" under Rule 60(b)(1). *See Pizzo v. Gambee*, 754 F. Supp. 2d 234, 236–37 (D. Mass. 2010) (denying a self-represented defendant's Rule 60(b)(1) motion where the defendant was served with the summons and complaint but failed to answer); *see also Larrabee v. Mathewson*, No. civ. 11-

4

11853-FDS, 2013 WL 4456986, at *1–2 (D. Mass. Aug. 15, 2013) (collecting authorities).

The only remaining avenue for relief is Rule 60(b)(6). "As 60(b)(6) is a 'catch-all' provision, 'its contours are peculiarly malleable' and incompatible with 'hard-and-fast rules.'" *Smith v. Athenahealth Inc.*, No. 1:18-cv-00461-GZS, 2019 WL 346386, at *1 (D. Me. Jan. 28, 2019) (quoting *Ungar v. Palestine Liberation Org.*, 599 F.3d 79, 84 (1st Cir. 2010)). "The Supreme Court has been clear, however, that 60(b)(6) motions should only be granted in 'extraordinary circumstances.'" *Id.* (quoting *Buck v. Davis*, 137 S. Ct. 759, 772 (2017)). "Examples of 'other' reasons justifying relief under Rule 60(b)(6) include 'settlement agreements when one party fails to comply,' 'fraud by the party's own counsel, by a codefendant, or by a third-party witness,' and, most commonly, failure of the losing party 'to receive notice of the entry of judgment in time to file an appeal.'" *Adams v. Adams*, No. 1:17-cv-00200-GZS, 2019 WL 2388730, at *1 n.1 (D. Me. June 6, 2019) (quoting 11 Charles Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2684 (3d ed. 2012)), *report and recommend'n adopted*, 2019 WL 2814627 (D. Me. July 2, 2019). By comparison, Wilmington Savings' failure to attach the form notice to the front of the complaint is not an "extraordinary circumstance" warranting relief under Rule 60(b)(6). Thus, O'Donoghue is not entitled to relief from the default judgment for insufficient service.

**B.     Substantive Legal Error**

Second, O'Donoghue argues that Wilmington Savings was not entitled to judgment in its favor because it did not provide "proof of completed mediation (or waiver or default of mediation)," which is necessary to support a judgment of

5

foreclosure in Maine state court. *See Greenleaf*, 96 A.3d at 708. I need not determine whether the state mediation requirement applies to foreclosure actions filed in Federal Court because even if the requirement applies, O'Donoghue's failure to timely respond to the complaint and the subsequent entry of default against him establishes a default of the requirement. *See Bank of Me. v. Peterson,* 107 A.3d 1122, 1124 (Me. 2014); *accord U.S. Bank Tr., N.A. v. Akey*, No. 2:16-cv-00414-JDL, 2016 WL 7441626, at *5 (D. Me. Dec. 26, 2016), *report and recommend'n adopted*, 2017 WL 435726 (D. Me. Feb. 1, 2017). Insofar as O'Donoghue contends that there was no default of mediation because service of process was insufficient, he is not entitled to relief under Rule 60(b) on this basis, for the reasons discussed above.

### III. CONCLUSION

For the foregoing reasons, O'Donoghue's motion to set aside the default judgment (ECF No. 53) is **DENIED.**

**SO ORDERED.**

**Dated: January 2, 2020**

                                          /s/ JON D. LEVY
                                **CHIEF U.S. DISTRICT JUDGE**